UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____           │
│ DATE FILED:  5/11/16             │
└─────────────────────────────────┘
```

VICTOR QUINTANA,

                    Petitioner,

      -against-

WILLIAM LEE,

                  Respondent.

**ORDER**

12 Civ. 3204 (PGG) (FM)

PAUL G. GARDEPHE, U.S.D.J.:

On April 18, 2012, pro se Petitioner Victor Quintana filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, seeking to set aside his New York state convictions for Robbery in the First and Second Degree and Criminal Impersonation in the First Degree. (Dkt. No. 2) On September 21, 2012, this Court referred the matter to Magistrate Judge Frank Maas for a Report and Recommendation ("R & R"). (Dkt. No. 11) On November 18, 2014, Judge Maas issued an R & R recommending that this Court deny the petition. (Dkt. No. 18)

## BACKGROUND

### I.    PETITIONER'S 2009 CONVICTION AND SUBSEQUENT APPEAL

Quintana was convicted by a jury sitting in the Supreme Court of the State of New York, New York County. Prior to trial, Supreme Court Justice Renee White ruled, pursuant to People v. Sandoval, 34 N.Y.2d 371 (1974), that if Quintana testified, the prosecutor would be permitted to question him about the general nature and dates of three prior felony convictions and eleven misdemeanor convictions. (Tarr Decl., Trial Tr. (Dkt. No. 9-2) at 189-200[1]) Justice

---

[1] The page numbers in this Order refer to the designated page numbers in this District's Electronic Case Filing (ECF) system.

White emphasized that the People would not be permitted to elicit "lengthy explanations" of the circumstances of each crime, however. (Id. at 200)  Quintana did not testify at trial.

At trial, Liberio Rivera testified that on March 27, 2013, at about midnight, he was in the vicinity of 144th Street and Broadway in Manhattan. (Id. at 487-88, 490)  Rivera was walking home after having had dinner with his co-workers. (Id. at 489)  Rivera was carrying a backpack containing printer ink and markers. (Id. at 495)  As Rivera approached his apartment building, a man approached him from behind and identified himself as "police." (Id. at 499)  Rivera did not turn around, "because [he] felt something cold . . . at [the] side of [his] head," which he believed was a gun. (Id. at 501)  A second man put his hands in Rivera's pockets and took his phone and approximately $200 in cash. (Id. at 499, 502)  The armed man then grabbed Rivera's backpack. (Id. at 502-03)  As Rivera and the robber struggled for control over the backpack, Rivera saw a gun in the robber's hand. (Id.)  The armed man eventually prevailed and fled with the backpack. (Id. at 505-07)

The two assailants ran in opposite directions.  Rivera lost sight of the man who had stolen his cell phone and cash, but he followed the man with the backpack – whom he later identified as Petitioner – toward Amsterdam Avenue. (Id. at 508-09, 511)  Police Officer Ivan Rosario witnessed part of the struggle over the backpack and – along with his partner, John Jones – apprehended Quintana approximately one block from the scene of the robbery, where he was trying to hail a cab. (Id. at 358-59, 370-71, 376-82)  The officers did not recover a gun from Quintana, nor did they find one in his vicinity. (Id. (Dkt. No. 9-3) at 12, 30)  They did, however, recover Rivera's backpack. (Id. at 26)

The case proceeded to trial, and on March 17, 2009, a jury convicted Petitioner of Robbery in the First and Second Degree and Criminal Impersonation in the First Degree. (Tarr

2

Declaration (Dkt. No. 9) at ¶ 3)  Quintana was sentenced to an aggregate term of twelve years'
imprisonment.[2]  People v. Quintana, 80 A.D.3d 499, 499 (1st Dept. 2011).

      Quintana appealed to the Appellate Division, First Department, arguing that:
(1) he had been deprived of his right to be present at all material stages of trial, because Justice
White denied his request to attend sidebar conferences during voir dire; (2) Justice White's
Sandoval ruling deprived him of due process by deterring him from testifying at trial; (3) the
jury's verdict on the First Degree Robbery charge is against the weight of the evidence; and (4)
his sentence was unduly harsh. (Tarr Decl., Ex. A (Dkt. No. 9-1) at 2-55)  On January 18, 2011,
the Appellate Division affirmed Quintana's conviction and sentence.  People v. Quintana, 80
A.D.3d 499 (1st Dept. 2011).  On February 10, 2011 and March 9, 2011, Quintana sought leave
to appeal to the New York Court of Appeals. (See Tarr Decl., Ex. D (Dkt. No. 9-1) at 114-118)
His request was denied on June 15, 2011.  People v. Quintana, 17 N.Y.3d 799 (2011).

## II.   THE PETITION AND JUDGE MAAS'S REPORT AND RECOMMENDATION

      On April 23, 2012, Quintana filed a petition for a writ of habeas corpus pursuant
to 28 U.S.C. § 2254. (Dkt. No. 2)  In his petition, Quintana repeats the same four arguments he
made on direct appeal. (Compare id. at 2, 5-12, with Tarr Decl., Ex. A (Dkt. No. 9-1) at 2-55)
On June 26, 2012, Respondent filed an opposition to Quintana's petition. (Dkt. No. 10)  On July
24, 2013, Petitioner filed a reply brief. (Dkt. No. 17)

      On September 21, 2012, this Court referred the matter to Judge Maas for a Report
and Recommendation. (Dkt. No. 11)  On November 18, 2014, Judge Maas issued an R & R
recommending that this Court deny Quintana's petition in its entirety. (Dkt. No. 18)  As to

---

[2]  Quintana was sentenced to twelve years' imprisonment on each of the robbery counts, and to
two to four years' imprisonment on the criminal impersonation count, with all sentences to run
concurrently. (Sentencing Tr. (Dkt. No. 20) at 10)

Quintana's complaint about being denied the opportunity to attend sidebar conferences during voir dire, Judge Maas concluded that this claim had not been exhausted and was "procedurally defaulted," because Quintana relied solely on state law in raising this issue in state court. (Id. at 9-10) Judge Maas also found that Quintana did not have a federal constitutional right to be present at sidebars during voir dire. (Id. at 11) Judge Maas further concluded that Quintana's complaint about Justice White's Sandoval ruling presented no basis for habeas relief, because Quintana had not testified at trial. (Id. at 11-12) Judge Maas also found that Quintana's sentence fell within the range prescribed by statute, and therefore was not unduly excessive. (Id. at 14-15) Finally, Judge Maas found that Quintana's "weight of the evidence" claim was not cognizable in a federal habeas corpus proceeding, and that, in any event, the evidence was sufficient to sustain the convictions. (Id. at 12-14)

In his November 18, 2014 R & R, Judge Maas advises the parties that they have fourteen days from service of the R & R to file any objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, and that a failure to file objections within that time period could result in waiver of review. (Id. at 15-16) Fourteen days after November 18, 2014, is December 2, 2014. This Court's Electronic Filing System designated December 5, 2014 as the deadline for making objections, however. (See Nov. 18, 2014 Minute Entry (Dkt. No. 18)) Petitioner's objections to the R & R were signed on December 5, 2014, and received on December 11, 2014. Given that Quintana filed his objections to the R & R in accordance with the deadline provided in the docket for this case, the Court will accept Petitioner's objections as timely.

4

## **DISCUSSION**

In reviewing an R & R from a magistrate judge, a district court may "accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C. § 636(b)(1). When a timely objection has been made to a magistrate judge's

recommendations, "[the district court judge] shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which objection is

made." Id. "'[T]o the extent . . . that the [objecting] party makes only conclusory or general

arguments, or simply reiterates the original arguments, [however,] the Court will review the [R

& R] strictly for clear error.'" DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y.

2009) (quoting IndyMac Bank, FSB v. Nat'l Settlement Agency, Inc., No. 07 Civ.

6865(LTS)(GWG), 2008 WL 4810043, at \*1 (S.D.N.Y. Nov. 3, 2008)). Although "[t]he

objections of parties appearing pro se are generally accorded leniency and should be construed to

raise the strongest arguments that they suggest," "even a pro se party's objections to a Report

and Recommendation must be specific and clearly aimed at particular findings in the

magistrate's proposal, such that no party be allowed a second bite at the apple by simply

relitigating a prior argument." Id. at 340 (internal quotation marks and citations omitted).

Petitioner makes the following objections to Judge Maas's R & R:

> . . . [P]etitioner contends the Magistrate failed to disclose pertinent facts in relation to
> [Petitioner's claims that] (a) the jury's guilty verdict on the charge of Robbery in the First
> Degree was against the weight of the evidence; (b) Justice White's Sandoval ruling
> violated his due process rights by unfairly preventing him from testifying; (c) Justice
> White violated his right to be present at all material stages of the [trial] by denying his
> request to attend sidebar conference during voir dire and (d) his sentence was unduly
> excessive.

(Pet. Objections (Dkt. No. 19) at 3-4) As to his Sandoval, voir dire, and sentencing arguments,

Petitioner says nothing further. With respect to his claim that the jury's verdict on the First

5

Degree Robbery charge is against the weight of the evidence, Petitioner merely repeats the arguments he made to the Appellate Division. (Id. at 4-17)

Because Petitioner has not addressed – other than in a conclusory fashion – Judge Maas's findings and recommendations concerning his claims regarding (1) attendance at sidebar conferences during voir dire, (2) the state court's Sandoval rulings, and (3) sentencing, he is entitled only to a review confirming that "there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). As to Petitioner's claim that the jury's verdict on the First Degree Robbery charge was against the weight of the evidence – although Petitioner has not addressed Judge Maas's findings, but instead merely appended the argument he made in the Appellate Division – this Court has nonetheless conducted a de novo review as to this claim.

## I.   PETITIONER'S CLAIM THAT HE WAS DENIED THE OPPORTUNITY TO ATTEND SIDEBARS DURING VOIR DIRE

In rejecting Petitioner's claim that he is entitled to habeas relief based on Justice White's refusal to permit him to attend sidebars during voir dire, Judge Maas noted that – in his appeal to the Appellate Division – Petitioner had "relied exclusively on state law cases and principles, without making any express reference to federal law." (R & R (Dkt. No. 18) at 10 (citing Tarr Decl., Ex. A (Dkt. No. 9-1) at 29-35)) As a result, Petitioner has not exhausted in state court any federal claim premised on the trial judge's refusal to permit him to attend sidebar conferences during voir dire. (Id.)

The Second Circuit has noted that where a

"petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred," federal habeas courts also must deem the claim procedurally barred.

6

Sweet v. Bennett, 353 F.3d 135, 139 (2d Cir. 2003) (quoting Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)).

        Judge Maas found that if Quintana returned to state court to raise a federal claim premised on his right to attend sidebar conferences – either by filing another appeal or a motion for collateral review – any such claim would be procedurally barred. (R & R (Dkt. No. 18) at 10 (citing Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991); N.Y. Ct. R. § 500.20; N.Y. Crim. Proc. Law § 440.10(2)(a))) Accordingly, this claim is likewise procedurally barred for purposes of federal habeas review. See Sweet, 353 F.3d at 139.

        In any event, courts in this District have consistently ruled in habeas cases premised on New York proceedings that defendants have no federal right to be present during voir dire sidebars. See, e.g., Barrington v. Lee, No. 10-cv-6098 (ALC), 2015 WL 6526168, at *4 (S.D.N.Y. Oct. 28, 2015) ("As for Petitioner's assertion that he was prevented from being present at voir dire sidebar conferences, this right exists under New York law, not federal law." (comparing People v. Antommarchi, 80 N.Y.2d 247 (1992), with Neil v. Walsh, No. 07 Civ. 6685(DLC), 2009 WL 382637, at *3 (S.D.N.Y. Feb. 17, 2009))); Neil, 2009 WL 382637, at *3 ("while under New York State law, defendants have a right to be present during voir dire sidebars with prospective jurors, defendants do not have the same right under federal law" (citing Perez v. Greiner, No. 00 Civ. 5504(RCC)(KNF), 2005 WL 613183, at *5 (S.D.N.Y. Mar. 14, 2005) ("there is no clear Supreme Court precedent supporting a claim that absence from a sidebar conference during voir dire violates the Sixth Amendment"); Morales v. Artus, 05 Civ. 3542(BSJ) (AJP), 2006 WL 3821488, at *17-18 (S.D.N.Y. Dec. 28, 2006) (noting that the U.S. Constitution generally does not require a defendant's presence at sidebar conferences)); Hiers v. Bradt, No. 11-CV-027 (ERK), 2014 WL 6804252, at *3 (E.D.N.Y. Dec. 3, 2014) ("Because the

'Federal Constitution generally does not require a defendant's presence' at even substantive

sidebar conferences during voir dire, standalone claims based on Antommarchi are generally not

cognizable on habeas review.'" (citing Morales, 2006 WL 3821488, at *17)).  Accordingly,

Judge Maas did not clearly err when he found that Quintana's federal rights were not violated

when he was precluded from attending sidebar conferences during voir dire.  (R & R (Dkt. No.

18) at 11)

## II.     PETITIONER'S *SANDOVAL* CLAIM

Petitioner claims that the state court's Sandoval ruling improperly prevented him

from testifying because – pursuant to that ruling – the prosecutor would have been permitted to

cross-examine Petitioner about the general nature and dates of his three prior felony and eleven

prior misdemeanor convictions.  (Petition (Dkt. No. 2) at 2, 7; see also R & R (Dkt. No. 18) at 4-

5)  As Judge Maas explained in his R & R, however, "Sandoval claims are barred from habeas

review where, as here, the petitioner failed to actually take the stand and testify at trial."  (R & R

(Dkt. No. 18) at 11-12 (quoting Wilson v. Heath, 938 F.Supp.2d 278, 287 (N.D.N.Y. 2013))

Because Petitioner did not testify at trial, "any suggestion that he was prejudiced by the Sandoval

ruling is purely speculative."  (R & R at 12)

Judge Maas's conclusion is consistent with the Supreme Court's decision in Luce

v. United States, 469 U.S. 38 (1984).  In Luce, the Court held that "to raise and preserve for

review the claim of improper impeachment with a prior conviction, a defendant must testify."

Id. at 43.  Absent such testimony, it would be "wholly speculative" to evaluate the effects of the

prior convictions.  Id. at 41.  Accordingly, "where . . . a defendant has not testified [in the

underlying criminal trial], a reviewing habeas court has no way effectively to evaluate a

challenge to a Sandoval ruling."  Butler v. Graham, No. 07 Civ. 6586(JSR), 2008 WL 2388740,

at *2 (citing Luce, 469 U.S. at 41).  This Court concludes that there is no clear error in Judge Maas's recommendation that Petitioner's Sandoval claim be denied.

## III.    PETITIONER'S SENTENCING CLAIM

Judge Maas found that, because Petitioner's sentence falls within the sentencing range prescribed under New York law, Petitioner's sentence provides no basis for habeas relief. (R & R (Dkt. No. 18) at 14-15)  This Court agrees that "'[n]o federal constitutional issue is presented' when a petitioner's sentence falls within the range prescribed by state law."  (Id. at 14 (quoting White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992))

Here, Petitioner was convicted of First Degree Robbery, Second Degree Robbery, and Criminal Impersonation in the First Degree.  These crimes carry maximum sentences of twenty-five years' imprisonment, fifteen years' imprisonment, and four years' imprisonment, respectively.  See N.Y. Penal Law §§ 70.00(2)(e), 70.02(1)(a),(b), (3)(a),(b),(d), 190.26.  The sentences imposed on Quintana – twelve years' imprisonment on each of the robbery counts and two to four years' imprisonment on the criminal impersonation count – fall within the statutory limits.  See id.; see also R&R at 15.  Accordingly, Petitioner's sentence provides no basis for federal habeas relief.

## IV.    PETITIONER'S "WEIGHT OF THE EVIDENCE" CLAIM

Judge Maas found that, because "weight of the evidence claims are based purely in state law," Petitioner's "weight of the evidence" claim provides no basis for federal habeas relief.  (See R & R (Dkt. No. 18) at 13 (citing Garbez v. Greiner, No. 01Civ.9865(LAK)(GWG), 2002 WL 1760960, at *8 (S.D.N.Y. July 30, 2002)))

Judge Maas also found that even if Petitioner's "weight of the evidence" claim is construed as a "sufficiency of the evidence" claim – which is constitutionally cognizable – it still

9

fails. (R & R (Dkt. No. 18) at 13-14)  A petitioner who challenges the sufficiency of the

evidence bears a "heavy burden." United States v. Aguilar, 585 F.3d 652, 656 (2d Cir. 2009).

Habeas relief is warranted only where "the record is 'so totally devoid of evidentiary support [for

a conviction] that a due process issue is raised.'"  Bossett v. Walker, 41 F.3d 825, 830 (2d Cir.

1994) (quoting Mapp v. Warden, N.Y. State Correctional Inst. for Women, 531 F.2d 1167, 1173

n.8 (2d Cir. 1976)).

>Under New York law,

>[a] person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime:

>1.  Causes serious physical injury to any person who is not a participant in the crime; or

>2.  Is armed with a deadly weapon; or

>3.  Uses or threatens the immediate use of a dangerous instrument; or

>4. Displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm . . . .

N.Y. Penal Law § 160.15.  Petitioner argues that his conviction for First Degree Robbery was

improper, because there is no evidence that he had a gun at the scene of the crime.  (Pet.

Objections (Dkt. No. 19) at 14 ("[N]o one [who testified during the trial] actually observed a gun

nor [was] a gun [] ever recovered[.]"); id. at 15 ("The livery cab driver never saw a gun and the

police never observed a gun or recovered a gun."))  At trial, however, Rivera testified that he saw

a gun in Petitioner's hand when the two men struggled over Rivera's backpack.  (Tarr Decl. (Dkt

.No. 9-2) at 503-04)

>Although Petitioner argues that Rivera was not a credible witness – contending

that Rivera was only "'ninety percent' sure that Petitioner was his assailant"; that Rivera was

"pissed-off and mad"; that Rivera had been drinking prior to the robbery; and that his identification of Petitioner was inconsistent with the initial description Rivera provided to the police, (see Pet. Objections (Dkt. No. 19) at 14-15 (citing Tarr Decl. (Dkt. No. 9-2) at 385; 420-22; 487-498; 505-07; 523-24)) – the jury, and not this Court, is "'exclusively responsible for determining a witness' credibility.'"   Bossett, 41 F.3d at 830 (quoting United States v. Strauss, 999 F.2d 692, 696 (2d Cir. 1993)).   Viewing the evidence "in the light most favorable to the prosecution," as this Court is required to do in evaluating a challenge to the sufficiency of the evidence underlying the conviction, id., this Court agrees with Judge Maas that Petitioner has not demonstrated that "'no rational trier of fact could have found proof of guilt beyond a reasonable doubt.'"   (R & R at 13 (quoting Bossett, 41 F.3d at 830 (quoting Jackson v. Virginia, 443 U.S. 307, 324 (1979)))

11

## **CONCLUSION**

For the reasons stated above, this Court hereby adopts Magistrate Judge Maas's R & R in its entirety and, for the reasons stated therein, Quintana's petition is denied. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue under 28 U.S.C. § 2253. This Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a non-frivolous issue). The Clerk of the Court is directed to terminate any outstanding motions and to close this case.

Dated: New York, New York
    May 10, 2016                 SO ORDERED.

                                   Paul G. Gardephe
                                   United States District Judge